IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:08CR60-2 |
| | : | |
| v. | : | |
| | : | |
| LAVEL MYNER BEST, | : | PLEA AGREEMENT |
| also known as "Vel" | | |

NOW COME the United States of America, by and through Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, and the defendant, LAVEL MYNER BEST, in his own person and through his attorney, Anne R. Littlejohn, and state as follows:

1. The defendant, LAVEL MYNER BEST, is presently under Indictment in case number 1:08CR60-2, which in Counts Three and Four charge him with violations of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), possession of a firearm by a felon; and which in Counts Seven and Eight charge him with violations of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), possession with intent to distribute 5.8 grams and 8.2 grams, respectively, of a mixture and substance containing a detectable amount of cocaine base ("crack").

2. The defendant, LAVEL MYNER BEST, will enter a voluntary plea of guilty to Counts Three and Seven of the Indictment herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt

before the defendant can be found guilty thereof, have been explained to him by his attorney.

a. The defendant, LAVEL MYNEER BEST, understands that the maximum term of imprisonment provided by law for Count Three of the Indictment herein is not more than ten years, and the maximum fine for Count Three of the Indictment is $250,000, or both. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine." The defendant, LAVEL MYNEER BEST, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

b. The defendant, LAVEL MYNEER BEST, further understands that, upon the acceptance by the Court of a guilty plea to Count Three of the Indictment, the defendant could be subject to the enhanced penalty provisions of Title 18, United States Code, Section 924(e)(1) at the time of sentencing if the defendant has three previous convictions by any court for a violent felony or a serious drug offense, committed on occasions different from one another. If the Court determines that Title 18, United States Code, Section 924(e)(1) is applicable, the term of imprisonment shall be not less than fifteen years. In addition, the defendant cannot be placed on probation or receive a suspended sentence. The defendant, LAVEL MYNEER BEST, also understands that the Court may include as a

2

part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than five years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

c. The defendant, LAVEL ~~MYNER~~ MYNEER and LB BEST, understands that, as to Count Seven of the Indictment, any person who commits the offense for which he is pleading guilty to after a prior conviction for a felony drug offense has become final shall be sentenced to a term of imprisonment which may not be less than ten years and not more than life, and a fine not to exceed $4,000,000, or both. The defendant also understands that any sentence imposing a term of imprisonment shall impose a term of supervised release of at least eight years in addition to such term of imprisonment. * (aul LB)

d. The defendant, LAVEL ~~MYNER~~ MYNEER BEST, also understands that, as to Count Seven of the Indictment, the Court may order that the defendant make restitution in accordance with Title 18, United States Code, Section 3663(c)(1).

e. The defendant, LAVEL ~~MYNER~~ MYNEER BEST, further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the

* The Defendant, Lavel Best, understands that, as to Count Seven of the Indictment, any person who commits the offense for which he is pleading guilty to without his being convicted of a prior felony drug offense, shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years, and a fine not to exceed $2,000,000, or both, and that any sentence imposing a term of imprisonment shall impose a term of supervised release of at least four years in addition to such term of imprisonment.

sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

3. By voluntarily pleading guilty to Counts Three and Seven of the Indictment herein, the defendant, LAVEL ~~MYNER~~ BEST, as to Counts Three and Seven of the Indictment herein, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, LAVEL ~~MYNER~~ BEST, is going to plead guilty to Counts Three and Seven of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. Upon the acceptance by the Court of a guilty plea by the defendant, LAVEL ~~MYNER~~ BEST, to Counts Three and Seven of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the remaining counts of the Indictment as to the defendant, LAVEL ~~MYNER~~

4

BEST. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

    b. It is further understood that if the Court determines at the time of sentencing that the defendant, LAVEL MYNEER BEST, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

    c. The defendant, LAVEL MYNEER BEST, agrees that the quantity and type of substance involved in the offense alleged in Count Seven of the Indictment is 5 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack").

6. It is further understood that the United States and the defendant, LAVEL MYNEER BEST, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

7. The defendant, LAVEL MYNEER BEST, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to

5

the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 23rd day of July, 2008.

ANNA MILLS WAGONER
United States Attorney

ANNE R. LITTLEJOHN
Attorney for Defendant

TERRY M. MEINECKE
NCSB #27586
Assistant United States Attorney

LAVEL MYNER BEST
Defendant

P. O. Box 1858
Greensboro, NC 27402

336/333-5351

6