IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | : | |
| :--- | :--- | :--- |
| | : | |
| v. | : | 1:08CR60-2 |
| | : | |
| LAVEL MYNER BEST | : | |

## RESPONSE BY UNITED STATES TO DEFENDANT'S MOTION FOR EVALUATION AND TREATMENT

NOW COMES the United States of America, by and through Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, and responds to the Defendant's Motion for Evaluation and Treatment.

## INTRODUCTION

Defendant filed the instant motion on January 23, 2009, requesting a psychiatric evaluation and any necessary treatment deemed appropriate.

## DISCUSSION

Defendant has requested an evaluation regarding his mental competency prior to the sentencing hearing in the instant case. [A]t any time prior to the sentencing of the defendant [the district court] shall order such a hearing if it is of the opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect. 18 U.S.C. 4244(a). The defendant's claim of incompetency, however, is governed by the preponderance of the evidence standard. Cooper v. Oklahoma, 517 U.S. 348, 362, 1996).

The defendant's own motion admits that he currently has no documentation to support any diagnosis of mental or emotional impairment, and that there have been no outward manifestations of any such disorder. (Defendant Motion at 2). The sole support for the motion is an unsubstantiated statement made by the defendant's mother that at least ten years earlier the defendant was diagnosed with schizophrenia. (Defendant Motion at 1-2). The defendant cannot, and has not, met his burden with this solitary, unsupported assertion.

As the Court pointed out during the sentencing hearing attempted on January 22, 2009, it appeared just as likely that the defendant's emotional condition was attributable to his dissatisfaction with the advisory guideline range identified in the pre-sentence report, as it was to any mental or emotional disorder. If the Court accepts the defendant's contention as a basis upon which to order a psychiatric evaluation, the government respectfully submits that such evaluations will be required in virtually every case. Every defendant who asserts that they are upset by the sentencing provisions as promulgated by The United States Congress and The United States Sentencing Commission will be entitled to a psychiatric evaluation prior to sentencing. Such a result is not envisioned by 18 U.S.C. 4244(a).

CONCLUSION

For these reasons, the United States respectfully requests that the defendant's motion be denied.

This the 26th day of January, 2009.

                        Respectfully submitted,

                        ANNA MILLS WAGONER
                        United States Attorney

                        /S/TERRY M. MEINECKE
                        Assistant U.S. Attorney
                        NCSB #27586
                        United States Attorney's Office
                        Middle District of North Carolina
                        P.O. Box 1858
                        Greensboro, NC  27402
                        Phone:  336/333-5351
                        E-mail: Terry.Meinecke@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:08CR60-2 |
| | : | |
| LAVEL MYNER BEST | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2009, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Anne R. Littlejohn, Esq.

/S/TERRY M. MEINECKE
Assistant United States Attorney
NCSB #27586
United States Attorney's Office
Middle District of North Carolina
P.O. Box 1858
Greensboro, NC 27402
Phone: 336/333-5351
E-mail: Terry.Meinecke@usdoj.gov