IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LAVEL MYNER BEST, )
)
Petitioner, )
) 1:16CV242
v. ) 1:08CR60-2
)
UNITED STATES OF AMERICA, )
)
Respondent. )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Lavel Myner Best, a federal prisoner, brings a Motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket Entry 120.) Petitioner pled guilty to possession of a firearm by a convicted felon in violation 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and possession with intent to distribute crack cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Petitioner was subsequently sentenced to 160 months of incarceration. In the current Motion, Petitioner raises a single ground for relief challenging a application of the sentencing enhancement under United States Sentencing Guidelines § 2K2.1 based on *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015). In its Response, the Government contends that *Johnson* does not retroactively apply to claims on collateral review and that Petitioner's claim is not cognizable on collateral review. (Docket Entry 126.) The Court previously stayed this matter pending the decision in *Beckles v. United States*, ___ U.S. ___, 137

S. Ct. 886 (2017). Based on the decision in that case, the stay will be lifted and the case will be decided.

The United States Supreme Court in *Johnson* limited the Armed Career Criminal Act by invalidating as unconstitutionally vague the "residual clause" of the statute, which covered any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Johnson*, 135 S. Ct at 2563. The Petitioner argues here that *Johnson* limits the Guideline at issue in the same way. However, in *Beckles*, the United States Supreme Court held that the advisory United States Sentencing Guidelines are not subject to the type of vagueness challenge under the Due Process Clause that prevailed in *Johnson* with respect to the Armed Career Criminal Act, 18 U.S.C. § 924(e). *Beckles*, 137 S. Ct. at 895. Thus, like the petitioner in *Beckles*, Petitioner cannot obtain relief from his sentence based on *Johnson* and his motion should be denied. In light of the issuance of the decision in *Beckles*, the Court will lift the prior stay in this case and, based on *Beckles*, the Court should deny Petitioner's Motion for lack of merit.

Prior to the Court's decision in *Beckles*, Petitioner also submitted a Motion to Amend (Docket Entry 146), which argues that in light of *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016), his prior convictions are not crimes of violence under USSG § 4B1.1. Although the Court will allow Petitioner to amend his claim in light of *Mathis*, that decision does not affect the outcome of his § 2255 Motion. Allegations that a sentencing enhancement under advisory sentencing guidelines was erroneously applied in light of cases decided post-conviction do not state a claim cognizable on collateral review pursuant to § 2255. *United*

2

States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015). Petitioner's claim under *Mathis* is just such an allegation. *See Taylor v. United States*, No. 4:03-cr-00934, 2017 WL 2645745, at *2 (D.S.C. June 20, 2017) (unpublished) (applying *Foote* to reject a § 2255 guidelines challenge based on *Mathis*); *Stewart v. United States*, No. ELH-13-262, 2017 WL 2361089, at *2 (D. Md. May 3, 2017) (unpublished) ("[A] mistaken career offender designation is not cognizable on collateral review." (quoting *United States v. Newbold*, 791 F.3d 931, 932–33 (4th Cir. 2015)). Therefore, Petitioner's argument under *Mathis* fails and should be denied.

**IT IS THEREFORE ORDERED** that the prior stay in this case is lifted.

**IT IS FURTHER ORDERED** that the Motion to Amend (Docket Entry 146) is **GRANTED**.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion (Docket Entry 120) to vacate, set aside or correct sentence, as amended, be **DENIED** and that this action be dismissed.

This, the 6th day of July, 2017.

Joe L. Webster
United States Magistrate Judge